## Ex parte LAWRENCE L. CALLOWAY.

No. A-6901.  Opinion Filed Feb. 28, 1928.
(264 Pac. 641.)

James H. Mathers, for petitioner.

The Attorney General, Smith C. Matson, Asst. Atty Gen., Carroll J. Moody, Co. Atty., Homer L. Hurt, Asst. Co. Atty., and Blanton, Osborn & Curtis, for respondent.

DOYLE, P. J. Application for writ of habeas corpus, alleging petitioner is unlawfully imprisoned at Pauls Valley, by D. T. Blanton, sheriff of Garvin county, on a commitment issued on a judgment and sentence of imprisonment in the petitentiary for a term of 25 years, rendered on a conviction of robbery with firearms; that the district court of said county fixed his appeal bond in the sum of $35,000, which sum is alleged to be excessive and in violation of the constitutional rights of petitioner, and that petitioner is able to give

a reasonable bond to answer any judgment that may be rendered upon his appeal.

The return to the rule to show cause alleges: That petitioner, Lawrence L. Calloway, heretofore made bond in the district court of Grady county, Okla., for the crime of robbery with firearms in connection with Jack Long and Check Fowler, all of whom are under bond in the sum of $12,500. That said charge arose out of the robbery of the First State Bank of Tuttle in April, 1927, the bonds of said codefendants having been forfeited by their failure to appear for trial, and that said petitioner, at the time of his arrest in connection with the robbery of the First National Bank in Wynnewood, was out of the state of Oklahoma contrary to the terms and conditions of his said bond in the district court of Grady county. That said petitioner was arrested at Kansas City on November 10, 1927, in connection with the robbery out of which his sentence above mentioned arose. That he resisted return to the state to answer said complaint, demanded requisition papers in due form, and contested the validity of said papers and the right of the state of Oklahoma to have him returned to Oklahoma to answer said complaint, by reason of the fact that he was under bond to appear in the circuit court of Cass county, Mo., wherein he was charged with complicity in the robbery of the bank at Belton, Mo. That said petitioner was returned to Oklahoma only after he had exhausted all efforts to evade extradition. The respondent is informed that said petitioner is elsewhere wanted in connection with robbery of other banks, especially at Mounds, Kan., and further, alleging that said bond in the sum of $35,000 is not excessive under the circumstances surrounding the arrest and conviction of said petitioner.

The Bill of Rights provides: "Excessive bail shall not be required." Const. art. 2, § 9.

It is uniformly held in an application to this court upon habeas corpus for a reduction of bail, upon the ground that the amount fixed by the trial court is excessive, it must clearly appear that the trial court has abused its discretion to an extent that denies the petitioner his constitutional right before this court will reduce the amount of bail as fixed by the trial court. The rule is well established that appellate courts will not interfere with the action of trial courts unless it clearly appears that the amount fixed by the trial court is excessive and clearly disproportionate to the offense involved.

Upon a careful consideration of the matters presented, we are of the opinion that the bail fixed by the trial court is not excessive.

The application is therefore denied.

EDWARDS and DAVENPORT, JJ., concur.